ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Soap Creek Marina, LLC | )     ASBCA No. 59445 |
| | ) |
| Under Contract No. DACW21-1-07-5252 | ) |

APPEARANCES FOR THE APPELLANT:     Gary Gerrard, Esq.
       Alfred E. Fargione, Esq.
        Lexington, GA

APPEARANCES FOR THE GOVERNMENT:     Thomas H. Gourlay, Jr., Esq.
       Engineer Chief Trial Attorney
     Laura J. Arnett, Esq.
       Engineer Trial Attorney
       U.S. Army Engineer District, Savannah

## OPINION BY ADMINISTRATIVE JUDGE DELMAN ON JURISDICTION

The Board, *sua sponte*, raised the question of whether it had jurisdiction over this appeal and requested the parties to address the issue. In response, the government contends we are without jurisdiction over this appeal, and alternatively, that we are without jurisdiction over that portion of the appeal seeking future damages in the amount of $985,462. Appellant contends that we have jurisdiction over all elements of the appeal.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF JURISDICTION

1. On or about 6 February 2008, the U.S. Army Corps of Engineers (government), as lessor, entered into Lease No. DACW21-1-07-5252 with Soap Creek Marina, LLC (lessee or appellant), for commercial concession purposes on the J. Strom Thurmond Lake project. The term of the lease was 20 years, beginning 1 January 2008 and ending 31 December 2027. (R4, tab 3)

2. The lease contained a Disputes clause, paragraph 34, which stated in pertinent part as follows:

### 34. DISPUTES CLAUSE

     **a.** Except as provided in the Contract Disputes Act of 1978 (41 U.S.C. 601-613) (the Act), all disputes arising under or relating to this lease shall be resolved under this clause and the provisions of the Act.

**b.** "Claim," as used in this clause, means a written demand or written assertion by the Lessee seeking, as a matter of right, the payment of money in a sum certain, the adjustment of [sic] interpretation of lease terms, or other relief arising under or relating to this lease. A claim arising under this lease, unlike a claim relating to that lease, is a claim that can be resolved under a lease clause that provides for the relief sought by the Lessee. However, a written demand or written assertion by the Lessee seeking the payment of money exceeding $100,000 is not a claim under the Act until certified as required by subparagraph c.(2) below. The routine request for rental payment that is not in dispute is not a claim under the Act. The request may be converted to a claim under the Act, by this clause, if it is disputed either as to liability or amount or is not acted upon in a reasonable time.

**c.** (1) A claim by the Lessee shall be made in writing and submitted to the District Commander for a written decision. A claim by the Government against the Lessee shall be subject to a written decision by the District Commander.

(2) For Lessee claims exceeding $100,000, the Lessee shall submit with the claim a certification that:

(i) The claim is made in good faith;

(ii) Supporting data are accurate and complete to the best of the Lessee's knowledge and belief; and

(iii) The amount requested accurately reflects the lease adjustment for which the Lessee believes the Government is liable.

(R4, tab 3 at 15-16)

3. Insofar as pertinent, paragraph 33 of the lease provided as follows:

### 33. TRANSIENT USE

**a.** Camping, including transient trailers or recreational vehicles, at one or more campsites for a period

2

longer than thirty (30) days during any sixty (60) consecutive day period is prohibited. The Lessee will maintain a ledger and reservation system for the use of any such campsites, said system to be acceptable to the District Commander.

(R4, tab 3 at 15)

4. During the course of lease performance, the parties came to dispute the interpretation of the Transient Use clause. On 24 January 2013, the government issued a Final Notice of Non-Compliance to appellant, with respect to, among other things, appellant's failure to comply with said clause (R4, tab 25).

5. On 19 December 2013, appellant submitted a letter to the contracting officer (CO) alleging that the government's interpretation of the Transient Use clause caused damage to appellant in the amount of "roughly $65,000/yr.... If you expand that over the full course of the lease we are talking $975,000.... Lost slip rentals, ship store sales, and gas sales add to this figure...." Appellant also noted that "We will have our accountant work up a more detailed estimate of losses once a documented estimate of actual loss from a CPA is needed." (R4, tab 12) Appellant provided no claim certification with this letter.

6. On 8 January 2014, the CO responded to appellant's 19 December 2013 letter, informing appellant that:

> Per condition 34(b) of your lease instrument, a written demand over $100,000 is not a claim under the [Contract Disputes] Act until certified as required by subparagraph c.(2). Until the demand is submitted in accordance with the lease instrument, I cannot make a determination on the specifics of that demand.

(R4, tab 10)

7. On 24 January 2014, appellant submitted a second letter to the CO, stating that: "[t]he damages incurred amount to roughly $81,000/yr.... If you expand that over the full course of the lease we are talking $1,215,000 just in lost income from campsites rentals. Lost slip rentals, ship store sales, and gas sales add to this figure...." Appellant provided a "certification" as follows: "The figures on rental incomes presented above are certified to be true and accurately reflect the impact of changing to a fully transient campground." (R4, tab 9 at 1-2)

3

8. On 25 February 2014, the CO responded to appellant's letter, stating, *inter alia*, that appellant failed to state a sum certain and failed to meet other requirements for filing a claim as set forth in paragraph 34(b) of the lease (R4, tab 7 at 1).

9. Appellant responded by letter to the CO dated 16 March 2014. Insofar as pertinent, appellant's letter requested as follows: "[W]e are asking for $95,000 to replace lost incomes and a return to operating our campground in the manner it was operated prior to us purchasing the marina and for several years following that purchase." (R4, tab 5 at 2) Appellant's monetary claim did not exceed $100,000, and therefore no claim certification was needed.

10. By letter dated 14 May 2014, the CO denied appellant's $95,000 claim (R4, tab 2).

11. On 22 July 2014, appellant filed a timely notice of appeal with the Board, claiming to have lost $95,000 as a result of the government's interpretation of paragraph 33 in the lease (R4, tab 1 at 2).

12. Appellant filed its complaint, dated 11 September 2014, requesting in pertinent part as follows:

> A. Its appeal be sustained and the Corps be ordered to pay Soap Creek the amount of $123,127 for damages to the date of the claim[1] plus accrued damages to the date of the award plus interest from March 16, 2014, and future damages in the amount of $985,462; or in the alternative,
>
> B. Its appeal be sustained and the Corps be ordered to pay Soap Creek the amount of $123,127 for damages to the date of the claim plus accrued damages to the date of the award plus interest from March 16, 2014, and that an order be entered interpreting the lease and determining that the Transient Use Rule is ambiguous and Soap Creek's interpretation is a reasonable interpretation and compliance with which is not a breach of the lease, or declaring that the course of dealing of the parties has extinguished the Transient Use Rule in Paragraph 33 of the lease as to Soap Creek, and that Soap Creek is entitled to operate the

---

[1] Appellant has provided an affidavit from counsel, asserting that the $123,127 damage figure in the complaint was the amount of damage accrued to the date of the complaint, not to the date of the claim (app. resp., aff. ¶¶ 4, 5).

4

leased premises under its interpretation of the
Transient Use Rule for the duration of the lease....

## DECISION

It is well settled that a claim not in excess of $100,000, which need not be certified, may not be increased to an amount over $100,000 without being certified where the increase was based on information that the contractor should have known at the time it submitted its claim to the CO. Robert T. Peacock & Peter D. Ting, *Contract Disputes Act Annotated*, 5-22, Federal Publications, Inc. (1988). In order to obviate the need for claim certification: "The burden is upon a claimant to prove that increased amounts were based upon further information not reasonably available at the time it filed its initial claim." *McNally Industries, Inc.*, ASBCA Nos. 43027, 44688, 93-3 BCA ¶ 26,130 at 129,893.

Appellant's complaint now seeks to recover future damages attributable to the government's lease interpretation of the Transient Use clause in the amount of $985,462 over the remaining term of the lease, which consists of campground rental losses in the amount of $400,946, and miscellaneous loss of rentals and sales of goods in the amount of $584,516 (compl. ¶¶ 45, 47). Appellant has not shown that these increased amounts were based upon information not reasonably available at the time it filed its uncertified claim of $95,000 in March 2014. These increased amounts appear to be future loss projections over the lease period, which could have been calculated and submitted to the CO at that time, and in fact such estimated amounts were submitted to the CO on an earlier date (SOF ¶ 5). Appellant was required to certify these claim amounts to the CO.

Citing *Sullivan Marina & Campground, LLC*, ASBCA No. 55355, 06-2 BCA ¶ 33,389, appellant contends, alternatively, that we have jurisdiction over this appeal because we have jurisdiction over appellant's claim to the CO for lease interpretation that need not be certified. Appellant is correct that under *Sullivan Marina* we retained jurisdiction over a lessee's claims for lease interpretation. We also did so in *Donald M. Lake*, ASBCA No. 54422, 05-1 BCA ¶ 32,920 at 163,071: "Our jurisdiction over 'non-monetary' claims involving such interpretations and/or those seeking so-called 'declaratory relief' is also well settled."

However, there is a material difference between the "non-monetary" claims filed by the lessees in the above cases and the claim filed by appellant with the CO here. Appellant's claim, as amended, is a monetary claim, and as such, it needed to be certified if in excess of $100,000.

Alternatively, appellant contends that its claim for its losses over the lease period was in fact certified, albeit defectively, in its 24 January 2014 letter to the CO. Assuming *arguendo*, that this letter contained curable, defective certification language,

5

41 U.S.C. § 7103(b)(3), the certified amount was not stated in a sum certain. To the contrary, the letter provided for an indefinite, unknown claim amount – "we are talking $1,215,000 just in lost income...[l]ost slip rentals, ship store sales, and gas sales add to this figure..." (SOF ¶ 7). A failure to provide a monetary claim in a sum certain to the CO is a jurisdictional defect. *Northrop Grumman Computing Systems, Inc. v. United States*, 709 F.3d 1107, 1112 (Fed. Cir. 2013).

## CONCLUSION

For reasons stated, we conclude that we are without jurisdiction over the amount of future damages, $985,462, sought in appellant's complaint, and we strike this amount from the complaint without prejudice to its proper submission to the CO. We retain jurisdiction over appellant's lost income claim of $95,000 (SOF ¶ 9), for which certification to the CO was not required.[2]

Dated: 18 August 2015

JACK DELMAN
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

---

[2] In accordance with the affidavit of appellant's counsel (*see* note 1 above), the demand in appellant's complaint for $123,127 constitutes appellant's $95,000 claim as accrued to the date of the complaint.

6

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59445, Appeal of Soap Creek Marina, LLC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals